| | |
|---|---|
| 1 | JOEL R. MEYER (SBN 247620) |
| | joel.meyer@btlaw.com |
| 2 | JOSEPH M. WAHL (SBN 281920) |
| | joseph.wahl@btlaw.com |
| 3 | BRIAN T. NGUYEN (SBN 336704) |
| | brian.nguyen@btlaw.com |
| 4 | **BARNES & THORNBURG LLP** |
| | 2029 Century Park East, Suite 300 |
| 5 | Los Angeles, California 90067-2904 |
| | Telephone: (310) 284-3880 |
| 6 | Facsimile: (310) 284-3894 |
| 7 | Attorneys for Plaintiffs and Counter-Defendants L.A. SPORTS PROPERTIES, |
| 8 | INC. and ROCHELLE STERLING as trustee of THE STERLING FAMILY |
| 9 | TRUST |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| L.A. SPORTS PROPERTIES, INC., a California corporation, and ROCHELLE STERLING as trustee of THE STERLING FAMILY TRUST, | Case No. 2:24-cv-03664-MCS-MAA |
| Plaintiffs, | **PLAINTIFFS AND CROSS-DEFENDANTS L.A. SPORTS PROPERTIES, INC. AND ROCHELLE STERLING AS TRUSTEE OF THE STERLING FAMILY TRUST'S ANSWER TO DARREN SCHIELD'S AMENDED COUNTERCLAIMS** |
| v. | |
| DARREN SCHIELD, an individual, NOI SCHIELD, an individual, SCHIELD WOOD PRODUCTS, LLC, a Nevada Limited Liability Corporation; and DOES 1 through 50, inclusive, | *[Honorable Mark C. Scarsi]* |
| | Trial Date: September 23, 2025 |
| Defendants. | |
| DARREN SCHIELD, | |
| Counterclaimant, | |
| v. | |
| L.A. SPORTS PROPERTIES, INC., a California corporation, ROCHELLE STERLING as trustee of THE STERLING FAMILY TRUST, | |
| Counter-Defendants. | |

43953038.4

1

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Plaintiffs and Counter-Defendants L.A. Sports Properties, Inc. ("LA Sports") and Rochelle ("Shelly") Sterling, Trustee of the Sterling Family Trust (the "Trust") (collectively, "Plaintiffs") answer the Amended Counterclaims of Counterclaimant Darren Schield ("Counterclaimant" or "Schield"). If an averment is not specifically admitted, it is hereby denied.

## ANSWER TO COUNTERCLAIM

## THE PARTIES

1. Plaintiffs are informed and believe that Darren Schield is a citizen of Idaho.

2. Plaintiffs admit that LA Sports is a California corporation with its principal place of business in Los Angeles, California.

3. Plaintiffs admit that Rochelle ("Shelly") Sterling is an individual living in the county of Los Angeles, California and acts as trustee of the Trust. Plaintiffs deny the remaining allegations in Paragraph 3.

4. Plaintiffs deny that Schield was subjected to any misconduct or harassment or suffered any injuries as alleged in the Amended Counterclaims.

## JURISDICTION AND VENUE

5. Paragraph 5 contains conclusions of law to which no response is required. To the extent a response is required, Plaintiffs do not challenge the jurisdiction of the Court.

6. Paragraph 6 contains conclusions of law to which no response is required. To the extent a response is required, Plaintiffs do not challenge the jurisdiction of the Court.

7. Paragraph 7 contains conclusions of law to which no response is required. To the extent a response is required, Plaintiffs do not challenge that this action is properly venued with the Court.

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

43953038.4

2

L.A. SPORTS PROPERTIES, INC. AND ROCHELLE STERLING AS TRUSTEE OF THE STERLING FAMILY TRUST'S ANSWER TO DARREN SCHIELD'S AMENDED COUNTERCLAIMS

# NATURE OF THE COUNTERCLAIMS

## A. LA Sports Created a Hostile and Abusive Workplace

8. Plaintiffs admit that Schield was the CFO of the Trust, including its affiliated entity LA Sports, which is wholly owned by the Trust. Plaintiffs admit that Schield began working for the Trust in 1994 and was eventually promoted to be the Chief Financial Officer of the Trust's entities. Plaintiffs admit that the Trust owns a significant amount of assets on behalf of Donald and Shelly Sterling. Plaintiffs admit that on or about June 30, 2023, Schield's employment was terminated for cause. Plaintiffs deny that Schield was subjected to any misconduct or harassment or suffered any injuries as alleged in the Amended Counterclaims for which Plaintiffs are liable. The remaining allegations in Paragraph 8 are denied.

9. Plaintiffs admit that Shelly is the Chief Executive Officer of the Trust's wholly owned entities, including LA Sports. Plaintiffs admit that Shelly Sterling controls the Trust. Plaintiffs admit that Schield's employment was terminated for cause on June 30, 2023. The remaining allegations in Paragraph 9 are denied.

10. Plaintiffs admit that Schield received bonuses during his employment. Of course, Plaintiffs were not aware of Schield's improper conduct that is alleged in detail in their First Amended Complaint. Plaintiffs deny that Schield was subjected to any misconduct or harassment or suffered any injuries as alleged in the Amended Counterclaims for which Plaintiffs are liable. The remaining allegations in Paragraph 10 are denied.

11. Plaintiffs deny the allegations stated in Paragraph 11.

## FIRST CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)[1]

12. Plaintiffs hereby incorporate by reference their responses to each and every allegation set forth in the preceding paragraphs.

---

[1] On December 11, 2024, the Court dismissed this claim with leave to amend. Dkt.

43953038.4 — 3 — 
L.A. SPORTS PROPERTIES, INC. AND ROCHELLE STERLING AS TRUSTEE OF THE STERLING FAMILY TRUST'S ANSWER TO DARREN SCHIELD'S AMENDED COUNTERCLAIMS

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

13. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 13 are denied.

14. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 14 are denied.

15. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 15 are denied.

16. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 16 are denied.

17. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 17 are denied.

18. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 18 are denied.

---

#43. Per that order, failure to timely file an amended counterclaim would waive the right to do so. *Id*. at 6. Schield has not amended, therefore, this claim is dismissed with prejudice.

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

43953038.4

4

L.A. SPORTS PROPERTIES, INC. AND ROCHELLE STERLING AS TRUSTEE OF THE STERLING FAMILY TRUST'S ANSWER TO DARREN SCHIELD'S AMENDED COUNTERCLAIMS

19. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 19 are denied.

20. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 20 are denied.

21. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 21 are denied.

22. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 22 are denied.

23. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 23 are denied.

24. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 24 are denied.

25. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 25 are denied.

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

43953038.4

5

L.A. SPORTS PROPERTIES, INC. AND ROCHELLE STERLING AS TRUSTEE OF THE STERLING FAMILY TRUST'S ANSWER TO DARREN SCHIELD'S AMENDED COUNTERCLAIMS

26. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 26 are denied.

27. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 27 are denied.

28. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 28 are denied.

29. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 29 are denied.

30. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 30 are denied.

31. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 31 are denied.

32. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 32 are denied.

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

43953038.4

6

L.A. SPORTS PROPERTIES, INC. AND ROCHELLE STERLING AS TRUSTEE OF THE STERLING FAMILY TRUST'S ANSWER TO DARREN SCHIELD'S AMENDED COUNTERCLAIMS

33. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 33 are denied.

34. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 34 are denied.

35. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 35 are denied.

36. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 36 are denied.

## SECOND CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress)[2]

37. Plaintiffs hereby incorporate by reference their responses to each and every allegation set forth in the preceding paragraphs.

38. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 38 are denied.

---

[2] On December 11, 2024, the Court dismissed this claim with leave to amend. Dkt. #43. Per that order, failure to timely file an amended counterclaim would waive the right to do so. *Id*. at 6. Schield has not amended, therefore, this claim is dismissed with prejudice.

39. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 39 are denied.

40. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 40 are denied.

41. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 41 are denied.

42. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 42 are denied.

43. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 43 are denied.

## THIRD CLAIM FOR RELIEF

### (Negligent Supervision and Retention)[3]

44. Plaintiffs hereby incorporate by reference their responses to each and every allegation set forth in the preceding paragraphs.

---

[3] On December 11, 2024, the Court dismissed this claim with leave to amend. Dkt. #43. Per that order, failure to timely file an amended counterclaim would waive the right to do so. *Id*. at 6. Schield has not amended, therefore, this claim is dismissed with prejudice.

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

L.A. SPORTS PROPERTIES, INC. AND ROCHELLE STERLING AS TRUSTEE OF THE STERLING FAMILY TRUST'S ANSWER TO DARREN SCHIELD'S AMENDED COUNTERCLAIMS

45. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 45 are denied.

46. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 46 are denied.

47. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 47 are denied.

48. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 48 are denied.

49. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 49 are denied.

50. The claim this allegation supports has been dismissed by the Court; therefore, no response to this allegation is required. To extent any response is required even though the claim has been dismissed, unless admitted elsewhere in this Answer, all factual allegations in Paragraph 50 are denied.

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

43953038.4

9

L.A. SPORTS PROPERTIES, INC. AND ROCHELLE STERLING AS TRUSTEE OF THE STERLING FAMILY TRUST'S ANSWER TO DARREN SCHIELD'S AMENDED COUNTERCLAIMS

# FOURTH CLAIM FOR RELIEF

### (Wrongful Termination in Violation of Public Policy and California Labor Code section 1102.5 (c))

51. Plaintiffs hereby incorporate by reference their responses to each and every allegation set forth in the preceding paragraphs.

52. Plaintiffs admit that on June 30, 2023, Schield's employment was terminated for cause. The remaining allegations in Paragraph 52 contain conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny those allegations.

53. Plaintiffs deny the allegations in Paragraph 53.

54. Plaintiffs admit that Schield was the trustee of the Children's irrevocable trust at some point. Plaintiff's deny the remaining allegations in Paragraph 54.

55. Plaintiffs admit that Shelly is the Chief Executive Officer of the Trust's wholly owned entities, including LA Sports. Plaintiffs deny the remaining allegations in Paragraph 55.

56. Plaintiffs admit that on June 30, 2023, Schield's employment was terminated for cause. The remaining allegations in Paragraph 56 are denied.

57. Plaintiffs admit that on June 30, 2023, Schield's employment was terminated for cause. The remaining allegations in Paragraph 57 are denied.

58. The allegations in Paragraph 58 contain conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny those allegations.

59. The allegations in Paragraph 59 contain conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny those allegations.

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

43953038.4

10

L.A. SPORTS PROPERTIES, INC. AND ROCHELLE STERLING AS TRUSTEE OF THE STERLING FAMILY TRUST'S ANSWER TO DARREN SCHIELD'S AMENDED COUNTERCLAIMS

60. The allegations in Paragraph 60 contain conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny those allegations.

## PRAYER FOR RELIEF

In response to three subparts of Schield's Prayer for Relief, Plaintiffs deny that Schield is entitled to such damages and relief from Plaintiffs, or to any other relief.

## AFFIRMATIVE DEFENSES

Plaintiffs plead the following separate affirmative defenses to claims alleged in the Amended Counterclaims without assuming the burden of proof where such a burden is otherwise on Schield pursuant to applicable substantive or procedural law. Plaintiffs reserve the right to assert additional affirmative defenses based on any information revealed in discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1. Schield's claim against Plaintiffs is barred in whole or in part because Schield fails to state a claim against Plaintiffs for which any relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of limitations)

2. Plaintiffs allege that the surviving cause of action asserted in the Amended Counterclaims is barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 335.1, 338(a), 338.1, 340(a), and 343.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

3. Schield's failure to take reasonable steps to mitigate his losses, all of which are specifically denied, bars his surviving claim in this action.

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

43953038.4

11

L.A. SPORTS PROPERTIES, INC. AND ROCHELLE STERLING AS TRUSTEE OF THE STERLING FAMILY TRUST'S ANSWER TO DARREN SCHIELD'S AMENDED COUNTERCLAIMS

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

4. The surviving cause of action in Schield's Amended Counterclaims is barred, in whole or in part, because Schield consented to the conduct alleged in the Amended Counterclaims.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5. The surviving cause of action in Schield's Amended Counterclaims is barred, in whole or in part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6. The surviving cause of action in Schield's Amended Counterclaims is barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Damages or Injury)

7. Schield has suffered no damages or injury resulting from the acts, events, omissions or occurrences alleged in the Amended Counterclaims.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8. The surviving cause of action in Schield's Amended Counterclaims is barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9. The surviving cause of action in Schield's Amended Counterclaims is barred, in whole or in part, by the doctrine of laches.

///

///

///

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

43953038.4

12

L.A. SPORTS PROPERTIES, INC. AND ROCHELLE STERLING AS TRUSTEE OF THE STERLING FAMILY TRUST'S ANSWER TO DARREN SCHIELD'S AMENDED COUNTERCLAIMS

## TENTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Third Parties)

10. Any injuries and damages Schield sustained, either as alleged in the Amended Counterclaims or at all, were proximately caused by the acts or omissions of third parties and which Plaintiffs are not liable for.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Justification)

11. The conduct of Plaintiffs was at all times justified under the circumstances.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mixed Motive/Same Decision)

12. Schield's surviving claim is barred on the grounds that Plaintiffs would have made the same employment decisions regardless of any alleged unlawful motivation for those decisions.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

13. The surviving cause of action in Schield's Amended Counterclaims is barred, in whole or in part, because the actions taken during Schield's employment and thereafter were based on a reasonable, good faith belief in the facts as known and understood at the time and were not willfully unlawful in any respect.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Corrective Action)

14. The surviving cause of action in Schield's Amended Counterclaims is barred, in whole or in part, because Plaintiffs would have exercised reasonable care to prevent and promptly correct any alleged discriminatory, harassing, or retaliatory behavior if any had occurred and been reported.

///

///

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

43953038.4

13

L.A. SPORTS PROPERTIES, INC. AND ROCHELLE STERLING AS TRUSTEE OF THE STERLING FAMILY TRUST'S ANSWER TO DARREN SCHIELD'S AMENDED COUNTERCLAIMS

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Avoidable Consequences)**

15. The surviving cause of action in Schield's Amended Counterclaims is barred, in whole or in part, because Schield unreasonably failed to make use of procedures that would have prevented the alleged misconduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(No Ratification)**

16. Plaintiffs are not liable for damages because if any person engaged in unlawful conduct as Schield alleges, he or she did so without Plaintiffs' knowledge, authorization, or ratification and outside the scope of his or her authority to act on behalf of Plaintiffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

17. The surviving cause of action in Schield's Amended Counterclaims is barred, in whole or in part, because Schield failed to timely and/or properly exhaust administrative and/or procedural remedies and/or prerequisites, as required by law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

**(Offset)**

18. Plaintiffs are entitled to offset any alleged damages that Schield may recover by income received or is receiving from other sources, including workers' compensation, disability insurance benefits, or alternative and/or subsequent employment.

## RESERVATION OF AFFIRMATIVE DEFENSES

19. Plaintiffs hereby gives notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserve the right to amend their Answer to assert any such defenses.

///

///

43953038.4   14
L.A. SPORTS PROPERTIES, INC. AND ROCHELLE STERLING AS TRUSTEE OF THE STERLING FAMILY TRUST'S ANSWER TO DARREN SCHIELD'S AMENDED COUNTERCLAIMS

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

# PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

1. Schield's surviving cause of action be dismissed, with prejudice and in their entirety;

2. That Schield take nothing by reason of the Amended Counterclaims and that judgment be entered against Schield and in favor of Plaintiffs;

3. That Plaintiffs be awarded its costs incurred in defending this action;

4. That Plaintiffs be granted such other and further relief as the Court may deem just and proper.

Dated: January 8, 2025            **BARNES & THORNBURG LLP**

By:  /s/ Joel R. Meyer
Joel R. Meyer
Joseph M. Wahl
Brian T. Nguyen
Attorneys for Plaintiffs and Counter-Defendants L.A. SPORTS PROPERTIES, INC. and ROCHELLE STERLING as trustee of THE STERLING FAMILY TRUST

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

43953038.4

15

L.A. SPORTS PROPERTIES, INC. AND ROCHELLE STERLING AS TRUSTEE OF THE STERLING FAMILY TRUST'S ANSWER TO DARREN SCHIELD'S AMENDED COUNTERCLAIMS